UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARK STONE,

    Plaintiff,

vs.                                          Case No.   3:12-cv-637-J-MCR

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

This cause is before the Court on Plaintiff's appeal of an administrative decision denying his application for Social Security benefits.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons set forth herein, the Commissioner's decision is **REVERSED AND REMANDED**.

**I.    PROCEDURAL HISTORY**

Plaintiff filed applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") on July 22, 2002 alleging the onset of disability on August 20, 2002.  (Tr. 128, 130, 197).  These claims were denied initially on March 25, 2010 and upon reconsideration on July 14, 2010.  (Tr. 65, 69, 76, 79).  Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on June 30, 2011.  (Tr. 33).  The ALJ denied Plaintiff's applications in a decision dated October 27, 2011.  (Tr. 20-28).  Plaintiff requested review of the ALJ's decision on November 10, 2011.  (Tr. 127).  The Appeals Council found no basis for changing the

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 15).

ALJ's decision. (Tr. 1-3). Plaintiff timely filed his complaint in this Court seeking judicial review of the ALJ's decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Basis of Claimed Disability

Plaintiff claimed to be disabled since August 20, 2002 due to pain in his knees, back pain, difficulty breathing, depression, stress, and high blood pressure. (Doc. 13, p. 2).

### B. Summary of Evidence Before the ALJ

Plaintiff was fifty-two years old on the date of the hearing before the ALJ on June 30, 2011. (Tr. 39). Plaintiff had past relevant work as a construction worker. (Tr. 39, 178, 180). Plaintiff has a high school equivalent education. (Tr. 39).

Plaintiff applied for DIB and SSI on July 22, 2002. (Tr. 128, 130). Plaintiff complained of knee pain, back trouble, difficulty breathing, depression, stress, and high blood pressure. (Doc. 13, p. 2). Plaintiff claimed these ailments prevented him from working. (Tr. 128).

On January 4, 2010, Plaintiff saw Dr. Kristjan Olaffson, Ph.D., for testing. (Tr. 262). Dr. Olaffson found Plaintiff had limited attention span, difficulty concentrating, and poor recent memory. (Tr. 261). Dr. Olaffson also found Plaintiff had adjustment disorder with depressed mood, a cognitive disorder, and a history of alcohol abuse. (Tr. 262). Dr. Olaffson recommended Plaintiff seek counseling services. Id.

On February 10, 2010, Dr. Lauriann Sandrik performed a Psychiatric Review Technique and a Mental Residual Functional Capacity Assessment on Plaintiff. (Tr.

263-279). Dr. Sandrik found Plaintiff had a cognitive disorder and depression. (Tr. 264-266). With respect to Plaintiff's mental RFC, Dr. Sandrik found Plaintiff was moderately limited in his ability to: understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and set realistic goals or make plans independently of others. (Tr. 277-278). A second state agency physician, Lee Reback, Psy.D, P.A. completed a mental RFC on July 13, 2010 and made similar findings. (Tr. 305-07).

On June 6, 2011, Dr. Robert Sury found Plaintiff had chronic right knee pain, low back pain with evidence of lumbar strain, and depression. (Tr. 342). Dr. Sury stated "[t]he depression and chronic pain combine to create a greater impairment. Because of these impairments, [Plaintiff] is not able to be gainfully employed, and further attempts at rehabilitation and treatment would not return him to the work force." (Tr. 343).

### C. Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. § 404.1505. The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical

3

or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In the instant case, the ALJ determined Plaintiff met the insured status requirements of the Social Security Act through September 30, 2012. (Tr. 22). At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity since his alleged onset date of August 20, 2002. Id. At step two, the ALJ found Plaintiff's severe combination of impairments included "status post anterior cruciate ligament (ACL) and open reduction internal fixation (ORIF) surgery on right knee." Id. The ALJ determined Plaintiff's mental impairments were not severe. (Tr. 26).

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22). The ALJ considered listing 1.02 and 1.04 and concluded Plaintiff did "not have major dysfunction of any joint resulting in inability to ambulate effectively or resulting in inability to perform fine and gross movements effectively." (Tr. 23).

At step four, the ALJ found Plaintiff had the RFC to perform less than the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). Id. Based on this RFC, the ALJ determined Plaintiff was unable to perform his past relevant work. (Tr. 27). Accordingly, the ALJ proceeded to step five and found that considering Plaintiff's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that Plaintiff could perform and therefore, Plaintiff was not disabled. Id.

## III. ANALYSIS

### A. The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the

Commissioner's decision.  Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  Foote, 67 F.3d at 1560; accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### B. Issues on Appeal

Plaintiff asserts four arguments on appeal.  First, Plaintiff argues the ALJ erred when she failed to state the weight provided to Dr. Olaffson's opinions.  (Doc. 12, p. 9).  Second, Plaintiff believes the ALJ erred when she failed to evaluate Plaintiff's mental impairments utilizing the Psychiatric Review Technique Form.  Id.  Third, Plaintiff claims the ALJ failed to provide sufficient reasons for providing little weight to the opinions of the non-examining  physicians who completed mental RFC assessments.  Id.  Finally, Plaintiff argues the ALJ failed to support her ultimate conclusion that Plaintiff did not suffer from a severe mental impairment.  (Doc. 12, p. 10).  The Commissioner responds the ALJ's conclusion that Plaintiff did not have a severe mental impairment is supported by substantial evidence in the record.  (Doc. 13, pp. 5-6).  The Court will begin its analysis with Plaintiff's second argument, as it is dispositive.

### 1. Whether the ALJ failed to evaluate Plaintiff's mental impairments with respect to the Psychiatric Review Technique Findings

Plaintiff argues the ALJ erred by failing to complete the Psychiatric Review Technique Form ("PRTF") in her decision.  Plaintiff is correct that when considering an individual with a mental impairment, the ALJ is required to use the "'special technique'

dictated by the [PRTF] for evaluating mental impairments." Moore v. Barnhart, 405 F.3d 1208, 1213 (11th Cir. 2005) (citing 20 C.F.R. § 404.1520a-(a)).  This technique requires separate evaluations on a four-point scale of how the individual's mental impairment impacts four functional areas: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." Id. (quoting 20 C.F.R. § 404.1520a-(c)(3-4)).  The ALJ is required to complete a PRTF and append it to the decision or incorporate the results of this technique into the findings and conclusions of his decision. Id. at 1214.  Failure to do so requires remand. Id.

In the instant case, the ALJ did not complete a PRTF nor did she incorporate the results of the technique into her decision.  The Commissioner argues this was not error by stating "although the ALJ must evaluate these areas, explicit findings are not required where the implication is obvious." (Doc. 13, p. 7 citing Foote, 67 F.3d at 1562).  The Foote case, however, addresses the rule in this circuit that an ALJ need not provide an explicit finding as to credibility, but instead may satisfy the requirement to articulate explicit and adequate reasons for not crediting a claimant's testimony as long as the credibility determination is obvious to the reviewing court.  This rule has no application in the PRTF arena.  Instead, with respect to the PRTF, the ALJ's decision must "include **specific findings** as to the degree of limitation in the functional areas of activities of daily living; social functioning; concentration, persistence, or pace; and decompensation." McDavid v. Astrue, No. 1:11-cv-81-MP-GRJ, 2012 WL 2541733, *7 (N.D. Fla. Apr. 4, 2012)(citing 20 C.F.R. § 404.1520a(e)(4) (emphasis added)).  The ALJ made no such specific findings and therefore, the case must be remanded to allow the ALJ to complete a PRTF or incorporate the results of the technique into her decision.

## 2. Whether the ALJ failed to state the weight she provided to Dr. Olaffson's opinions

Plaintiff also contends the ALJ failed to state the weight she provided to the opinions of Dr. Olaffson. (Doc. 12, p. 9). Specifically, Plaintiff argues the ALJ failed to mention three key parts of Dr. Olaffson's opinion: (1) that Plaintiff's ability to "maintain attention for tasks was limited," (2) that Plaintiff "would require repetition for learning new tasks[,]" and (3) that Plaintiff's "ability to attend a routine and maintain a schedule may be hindered." (Doc. 12, p. 10). Plaintiff argues the failure to discuss these aspects of Dr. Olaffson's opinion is not harmless error because these limitations are "critical for the performance of even unskilled work." (Doc. 12, p. 11).

"Although the ALJ is required to consider all of the evidence, [s]he is not required to discuss all of the evidence presented, but rather must explain why "significant probative evidence has been rejected." Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984). In this case, it is clear the ALJ did not reject Dr. Olaffson's opinions. The ALJ referenced Dr. Olaffson's examination and noted it "only revealed mild impairment with regard to concentration." (Tr. 24). The ALJ also noted that Dr. Olaffson found Plaintiff's recent memory to be poor, "as he recalled only one of three words that were presented to him." Id. While it is true the ALJ did not specifically reference Dr. Olaffson's statement that Plaintiff's "ability to maintain attention for tasks appears limited," it is clear the ALJ considered and accepted this opinion. (Tr. 261). Dr. Olaffson discussed Plaintiff's attention and concentration together. Dr. Olaffson specifically stated Plaintiff's concentration was mildly impaired and did not specify a degree in which Plaintiff's attention was limited. Id. There is no indication Dr. Olaffson

believed Plaintiff's attention was more than mildly limited.

Plaintiff also takes issue with the ALJ's failure to discuss Dr. Olaffson's opinions that Plaintiff would "require repetition for learning new tasks" and that Plaintiff's "ability to attend a routine and maintain a schedule may be hindered." (Doc. 12, p. 10). As for the requirement that Plaintiff needed repetition, the ALJ specifically stated that "the jobs found by the vocational expert at [the] hearing would not preclude the claimant from performing simple[,] routine[,] repetitive tasks as the state agency physicians recommend." (Tr. 26). Accordingly, it appears that the ALJ considered Dr. Olaffson's opinion that Plaintiff would need jobs requiring repetition.

The ALJ did not, however, mention or account for Dr. Olaffson's opinion that Plaintiff's ability to attend to a routine may be hindered. While the Court is not certain that this failure is error, as the case is being remanded in order to permit the ALJ to complete a PRTF, the Court will also direct the ALJ to reconsider Dr. Olaffson's opinions and to state what weight if any she gives to them.

3. **Whether the ALJ failed to provide sufficient reasons for providing "little weight" to the non-examining physicians' opinions and whether the ALJ erred in failing to find Plaintiff's mental impairments were severe**

Finally, Plaintiff contends the ALJ erred in her evaluations of the non-examining physicians who reviewed Plaintiff's mental impairments and in her failure to find Plaintiff's mental impairments severe. (Doc. 12, pp. 12-15). Plaintiff specifically contends that the ALJ failed to provide adequate reasons for giving the opinions of the two state agency doctors little weight. The ALJ stated that she gave little weight to the opinions of the state agency doctors because there was no evidence in the record to

support them and because there was no evidence that Plaintiff was taking medication or was seeking treatment for any mental impairments. While the undersigned sees no error in these reasons for discrediting the opinions of the non-examining doctors, as the case is being remanded for a related issue, the Court will direct the ALJ to reconsider and to explain what if any weight she gives to these opinions. If she decides to give little or no weight to them, she is directed to provide adequate reasons supported by substantial evidence.

The same is true for the ALJ's determination with respect to whether Plaintiff's mental impairments are severe. After completing her PRTF, the ALJ shall fully explain whether she finds Plaintiff's mental impairments to be severe.

## IV.   CONCLUSION

For the foregoing reasons, the Commissioner's decision is hereby **REVERSED** and **REMANDED** pursuant to sentence four, 42 U.S.C. § 405(g). On remand, the ALJ shall (1) complete a PRTF and append it to the decision or incorporate the results of this technique into the findings and conclusions of her decision, (2) consider and state what weight she provides to the medical opinions of Dr. Olaffson and the two state agency physicians, and (3) conduct any other proceedings deemed necessary. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

Should this remand result in the award of benefits, Plaintiff's attorney is hereby granted, pursuant to Rule 54(d)(2)(B), an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until thirty (30) days after the

10

receipt of a notice of award of benefits from the Social Security Administration. **This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.**

**DONE AND ORDERED** at Jacksonville, Florida, this __25th__ day of July, 2013.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record